**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TORIANO JACOE TISDALE, #247765

      Petitioner,

                             Civil No: 2:08-CV-11693
                             Honorable Arthur J. Tarnow
                             Magistrate Judge Steven D. Pepe

v.

CAROL R. HOWES,

      Respondent.

_____/

**OPINION & ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS**

      Toriano Jacoe Tisdale, ("Petitioner"), presently incarcerated at Lakeland Correctional Facility in Coldwater, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner challenges his conviction for second-degree murder, Mich. Comp. Laws §750.317; and felony-firearm, Mich. Comp. Laws §750.227b. Respondent has filed a motion for dismiss contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. §2244(d)(1). Petitioner has filed a response to the motion for dismissal. For the reasons stated below, the Court will grant Respondent's motion and dismiss the habeas petition.

### I. Background

      Petitioner was convicted following a bench trial in Wayne County Circuit Court on January 23, 1996 of second degree murder and felony firearm. He was sentenced on February 2, 1996 to 25 to 50 years' imprisonment for the second-degree murder conviction and a 2-year term for the felony-firearm conviction.

*Tisdale v. Howes*
Case No: 08-CV-11693

Conviction was affirmed on direct appeal. *People v. Tisdale,* No: 193962, 1997 WL 33330828 (Mich. Ct. App. Dec. 2, 1997). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court which was denied on August 28, 1998. *People v. Tisdale,* 459 Mich. 859; 583 N.W.2d 902 (1998)(table). On August 18, 2004, Petitioner filed a motion for relief from judgment with the trial court. The motion was denied on June 10, 2005. Petitioner subsequently filed a delayed application for leave to appeal with the Michigan Court of Appeals in order to challenge the denial of his motion for relief from judgment. The delayed application for leave to appeal was denied. *People v. Tisdale,* No: 270966, (Mich. Ct. App. Dec. 27, 2006). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court which was denied on July 18, 2007. *People v. Tisdale,* 479 Mich. 851; 734 N.W.2d 208 (2007)(table). Subsequently, Petitioner signed and dated his petition for habeas relief on April 16, 2008.

## II.  Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution  or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional   right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the

2

*Tisdale v. Howes*
Case No: 08-CV-11693

> date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).  A federal court will dismiss a case where a petition for a writ of habeas corpus does not comply with the one-year statute of limitations.  See *Wilson v. Birkett,* 192 F.Supp.2d 763, 765 (E.D. Mich. 2002); see also *Holloway v. Jones,* 166 F.Supp.2d 1185, 1187 (E.D. Mich. 2001).

    In this case, the direct appeal of Petitioner's conviction ended when the Michigan Supreme Court denied Petitioner's delayed application for leave to appeal on August 28, 1998.  Petitioner's conviction would become final, for the purposes of commencing the AEDPA's one-year limitations period, on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired.  See 13(1), Supreme Court Rules; *Abela v. Martin,* 348 F.3d 164, 172 (6th Cir. 2003), *cert. denied.* 541 U.S. 1070 (2004)(the limitations period is tolled for 90 days from the date the state supreme court denies leave to appeal; that is, "until the conclusion of the state's final judgment on that application."); *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on November 26, 1998, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub,* 10 F.Supp.2d 834, 835 (E.D. Mich. 1998).  Therefore, because Petitioner's  conviction became final after the April 24, 1996 enactment date of the AEDPA, Petitioner had one-year from November 26, 1998 to timely file a petition for habeas relief with the federal court.  28 U.S.C. §2244(d)(1)(A).  Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than November 26, 1999.

*Tisdale v. Howes*
Case No: 08-CV-11693

A properly filed application for state post-conviction review or other state collateral review (i.e., motion for relief from judgment or motion for a new trial) tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired. See *Hargrove v. Brigano,* 300 F.3d 717, 718, n.1 (6th Cir. 2002); 28 U.S.C. §2244(d)(2). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. Petitioner did not file his motion for relief from judgment until August 18, 2004, which is approximately 4 years and 9 months after the statute of limitations period had already expired. Thus, Petitioner's claim that the statute of limitations was tollded is wrong.

In the alternative, Petitioner argues that Respondent's motion should be denied because equitable tolling principles are applicable. Petitioner claims that his diligence in pursuing this matter justifies equitable tolling in this case. However, the record indicates that Petitioner waited almost five years after the statute of limitations period had already expired before he filed his motion for relief from judgment. Furthermore, although Petitioner states that he made numerous requests to the trial court for records and other information, there are only two record entries for discovery requests on the Wayne County Docket Sheet, which are dated October 18, 2000 and November 6, 2001, well after the statute of limitations period had already expired. While Petitioner's conduct may not have been intentionally dilatory, it has not been diligent; and as a result Petitioner is not entitled to equitable tolling on this basis.

4

*Tisdale v. Howes*
Case No: 08-CV-11693

The Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. *Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir. 2001). "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate. *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004), In *Dunlap v. United States,* 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988). The five parts of the test are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap ,* 250 F.3d at 1008. Nevertheless, "equitable tolling [should] be applied sparingly [.]." *Id.* at 1008. "The petitioner bears the burden of establishing that he is entitled to equitable tolling" *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).

"These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins,* 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner, however, has the burden of demonstrating that he is entitled to equitable toling. See *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated

5

*Tisdale v. Howes*
Case No: 08-CV-11693

deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003), quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000).

Petitioner contends that Respondent would not suffer any prejudice if the Court were to permit equitable tolling in this case. The Court notes that the absence of prejudice to the respondent is a factor to be considered "only after a factor that might justify tolling is identified." *Vromen v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003). No such factor has been identified. Therefore, Petitioner has failed to demonstrate that he is entitled to equitable tolling by asserting lack of prejudice.

Petitioner also asserts that equitable tolling is applicable in this case based upon the legal principle of actual innocence. Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Souter v. Jones,* 395 F.3d 577, 599-600 (6th Cir. 2005). Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits on his underlying constitutional claims." *Id.* at 602. "[T]o be credible a gateway claim requires new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical - that was not presented at trial." *House v. Bell,* 547 U.S. 518, 537 (2006) (internal quotation marks omitted). A court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would

6

*Tisdale v. Howes*
Case No: 08-CV-11693

necessarily be admitted under rules of admissibility that would govern at trial." *Id.* (internal quotation marks omitted).

The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F.3d at 590, quoting *Bousley v. United States,* 523 U.S. 614, 623 (1998). Legal innocence, of its nature, is insufficient to support equitable tolling. *Harvey v. Jones,* 179 F. App'x. 294, 298-99 (6th Cir. 2006). The Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and only be applied in the

"extraordinary case." *Id.,* quoting *Schlup,* 513 U.S. at 321; see also *McCray v. Vasbinder,* 499 F.3d 568, 577 (6th Cir. 2007).

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter*, because Petitioner has presented no new, reliable evidence to establish that he is actually innocent of the crimes charged. See *Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Moreover, although Petitioner makes the legal argument of actual innocence as a means of avoiding the statute of limitations, he does not claim in his response to the motion to dismiss that he is actually innocent, nor does he make a claim of actual innocence within the text of his habeas petition. Petitioner bases his actual innocence claim on the following purported new and reliable evidence: (1) an investigative report; (2) an "arrest ticket;" and (3) affidavit testimony of Florastine Tisdale, Petitioner's mother. Regarding the investigative report, Petitioner argues that "[t]he report revealed that an investigator was able to deny telephone and visitation privileges [during an interrogation] - - which includes

7

*Tisdale v. Howes*
Case No: 08-CV-11693

access to telephone an attorney." (Mot. Resp. at pg. 8). Relative to the "arrest ticket," "that reveals Petitioner in fact was to receive "no visits." *Id.* The affidavit from Petitioner's mother "reveals that Petitioner was finally able to telephone, home, and Investigator Collins arranged a visitation, after Petitioner allegedly confessed." *Id.*  In

short, Petitioner's purported  "new evidence" involves the circumstances surrounding his arrest, detention, interrogation, and investigation into the death of Calvin Hayes.

Since Petitioner is challenging the circumstances surrounding the evidence generated against him as opposed to whether Petitioner shot and killed Calvin Hayes, he is asserting a claim of legal, not actual innocence and, so does not state a claim that may equitably toll the habeas limitations statute.

### III.  Conclusion

For the reasons stated above, Petitioner failed to file his habeas petition within the applicable one-year limitations period;  and equitable tolling of the limitations period is not warranted.

Accordingly, IT IS ORDERED that Respondent's motion to dismiss [Dkt. #7] is GRANTED.  The petition for writ of habeas corpus is DISMISSED.

8

*Tisdale v. Howes*
Case No: 08-CV-11693

IT IS FURTHER ORDERED that Petitioner's "Request for Enlargement of Time to Respond to Respondent's Motion to Dismiss [Dkt. # 8] is GRANTED[1].


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  April 16, 2009


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 16, 2009, by electronic or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[1]After filing the motion for additional time in which to respond to Respondent's "Motion to Dismiss, Petitioner filed his answer.  The Court accepted the pleading for filing and it was reviewed and considered in conjunction with Respondent's dismissal motion.

9