UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORIANO JACOE TISDALE, #247765,

        Petitioner,        Case Number: 08-11693

v.        HONORABLE ARTHUR J. TARNOW

CAROL R. HOWES,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING EVIDENTIARY HEARING**

Petitioner Toriano Jacoe Tisdale filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On April 16, 2009, the Court issued an Opinion and Order Granting Respondent's Motion to Dismiss. Petitioner has filed a Motion for Certificate of Appealability and an Application to Proceed *In Forma Pauperis* on Appeal.

Before Petitioner can appeal the Court's decision, the Court must determine whether to issue a Certificate of Appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b). When a habeas applicant seeks permission to initiate appellate review of the dismissal of a petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When

a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . .if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Respondent filed a motion to dismiss on the ground that the petition for a writ of habeas corpus was barred from review because it was untimely. The Court granted Respondent's motion and dismissed the petition. See, Opinion and Order Granting Motion to Dismiss [Docket No. 12] April 16, 2009.

Petitioner argues in his Motion for Certificate of Appealability [Docket No. 17] that the newly-discovered evidence he attempted to present in his motion for relief from judgment establishes his actual innocence and should, therefore, toll the limitations period.

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir.2005). "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Id.* at 602. "[T]he threshold inquiry is whether 'new facts raise[ ]

2

sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 590, *quoting Schlup v. Delo*, 513 U.S. 298, 317 (1995). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.*, at 324.

The evidence Petitioner offered as presented in his affidavits explains his reasons for delay as well as the claim of actual innocence. See, Affidavit in support of Motion for Certificate of Appealability and Affidavit in support of an evidentiary hearing.

This Court holds that jurists of reason could find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its finding that Petitioner was not entitled to equitable tolling of the limitations period. *See Slack*, 529 U.S. at 484. Therefore, the Court grants a certificate of appealability. However, the Court denies the Motion for Evidentiary Hearing as being both too little and too late.

Petitioner also has filed a Motion to Proceed *In Forma Pauperis* On Appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Because this Court is

granting a certificate of appealability, this Court finds that Petitioner's appeal is undertaken in good faith and will grant him leave to appeal *in forma pauperis*.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that a Certificate of Appealability [Docket No. 17] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* on Appeal [Docket No. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing [Docket No. 19] is **DENIED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  October 27, 2009


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 27, 2009, by electronic or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary