UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORIANO TISDALE,

    Petitioner,                                    Civil No. 08-CV-11693
                                                        Honorable Arthur J. Tarnow

CAROL R. HOWES,

    Respondent.
    _____/

## **ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [Dkt. # 28]**

Before the court is Petitioner's motion for relief from judgment. On April 16, 2009, this court granted Respondent's motion for summary judgment and denied the petition for a writ of habeas corpus as untimely.  The Court of Appeals affirmed.  *Tisdale v. Howes,* No. 09-1678 (6th Cir. June 29, 2010).

Petitioner brings the present motion pursuant to Federal Rule of Civil Procedure 60(b)(6) arguing that he is entitled to relief from this court's judgment. Rule 60(b) allows a party relief from judgment, order or other proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence, that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Petitioner moves for relief from judgment pursuant to Rule 60(b)(6), which may be used to relieve a party from judgment only in extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief." *Id.* (internal citations and quotations omitted). Petitioner's arguments do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment. Petitioner merely re-raises previous arguments already reviewed and rejected by this court and the Sixth Circuit.

Petitioner asserts that the Court incorrectly dismissed the petition for failure to comply with the statute of limitations for three reasons: (1) his state post-conviction review counsel misled him regarding the application of the limitations period; (2) he is actually innocent; and (3) Respondent worked a fraud upon the court by failing to file a complete copy of the state court record. None of these arguments provide a basis for granting relief from judgment.

First, Petitioner asserts that his state post-conviction review counsel stated in pleadings filed in the state courts that "28 U.S.C. § 2244(D)(1)(B) and (D) would allow defendant Tisdale to submit this issue in federal court" because his claims were based on newly discovered evidence and the state created an impediment preventing him from

raising them earlier.  Petitioner asserts that this "grossly negligent" advice caused the untimely filing.  But as noted by this court and the Sixth Circuit, the deadline for Petitioner to file his federal petition timely passed in November of 1999.  Petitioner's state post-conviction proceeding was filed in 2004, well after the statute of limitations had already expired.  State post-conviction counsel did not give Petitioner bad advice; she provided Petitioner with the only possible - though ultimately meritless - basis for saving his petition from being dismissed under the statute of limitations.

Next, Petitioner claims that he is actually innocent. The Sixth Circuit reviewed Petitioner's proffered new evidence and was unpersuaded:

> Tisdale's evidence does not establish that it is more likely than not that no reasonable juror would have found him guilty of second-degree murder and possession of a firearm during the commission of a felony because the evidence relates to the circumstances surrounding his arrest and interrogation rather than his actual innocence.

*Tisdale*, supra, at *3.

Petitioner has not supported his claim of innocence with previously undiscovered evidence.  Rather, he directs the court to various parts of the trial record in an attempt to show contradictions and weaknesses in the prosecution's case.  The courts finds that Petitioner has not demonstrated that he is actually innocent under the standard set forth in *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005).

Finally, Petitioner asserts that Respondent perpetrated a fraud upon the court by failing to file a complete copy of the state court record.  Petitioner asserts that Respondent failed to include all the documents and transcripts filed during his state post-conviction review proceeding. Petitioner asserts that there was new evidence developed during the post-conviction proceeding that he asked for an attorney during police interrogation.  This

argument was rejected by the Sixth Circuit:

> The record also shows that Tisdale was aware of the factual predicate for his claims no later than the date on which his conviction became final because all of his claims arise from events occurring during his interrogation and trial and appeal.

*Tisdale*, *supra*, at *2.

Accordingly, Petitioner's arguments do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment.

Based upon the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Motion for Relief From Judgment [Dkt. # 28] is **DENIED**.


s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:  May 12, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 12, 2011, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary