UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORIANO TISDALE,

                    Petitioner,                    Case No. 2:08-cv-11693
                                                   Hon. Arthur J. Tarnow

v.

CAROL R. HOWES,

                    Respondent.
_____/

**OPINION AND ORDER (1) DENYING MOTION FOR RELIEF FROM
JUDGMENT, AND (2) TRANSFERRING CASE TO THE COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. §
2254. Petitioner was convicted of second-degree murder in the Wayne Circuit Court. The
Court dismissed the petition on April 16, 2009, because Petitioner filed the action after
expiration of the one-year statute of limitations under 28 U.S.C. § 2244(d). Dkt. 12.
Petitioner appealed this decision, and the Sixth Circuit affirmed. *Tisdale v. Howes*, No. 09-
1678 (6th Cir. June 29, 2010).

Petitioner has filed a motion for relief from judgment under Fed. R. Civ. P. 60(d).
Petitioner asserts that he has discovered new evidence–in the form of the victim's August 29,
1994, certificate of death–that shows that the victim died as the result of two gunshot
wounds. Dkt. 41, at 6. Petitioner asserts that there was evidence offered at trial and findings
made by the trial court after the bench trial indicating that the victim was shot three times.

Id., at 3.[1] Petitioner asserts that his trial counsel was ineffective for failing to correct the error, the favorable defense evidence was withheld from the defense, and that his crime was wrongfully "aggravated" by the erroneous addition of a third gunshot wound. For the reasons stated below, the Court denies the motion for relief from judgment and transfers the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

I.

A motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). See *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Petitioner's new evidence

---

[1]Petitioner omits the complete portion of the relevant trial stipulation which explains the discrepancy: "It would be Doctor Kanluen's opinion that Clavin Edwards Hayes Jr., died of two gunshot wounds to the back, which proceeded into the chest and abdomen; involving the vital organs; being the lung, liver and main artery of the heart, causing massive internal bleeding. Another gunshot wound, entrances showed () evidence () of close range firing on the skin. There were two slugs recovered from the right chest wall and were retained." Dkt. 10-5, at 7-8. The last sentence was corrected to read: "It would be none of the gunshot wound entrances showed evidence of close range firing on the skin. I think there is an extra word in there." Id. Accordingly, it appears the victim was shot three times, but only two of the shots caused the fatal injuries, explaining the entry on the death certificate omitting the third gunshot wound.

about the number of gunshot wounds and the claims he builds around the new evidence were not presented in his original habeas petition. Petitioner's motion therefore constitutes a second or successive habeas petition because it raises new claims challenging his state court conviction in addition to attacking the integrity of the first habeas proceedings. *Id.*

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). A federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. See *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; See also *In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

## II.

Based on the foregoing, the Court **DENIES** the motion for relief from judgment.

The Court further **ORDERS** the Clerk of the Court to transfer the motion for relief from judgment [Dkt. 41] to the United States Court of Appeals for the Sixth Circuit for

3

authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631 and *In re Sims*.

Petitioner's motion to expedite consideration [Dkt. 38] and motion for order to show cause [Dkt. 40] are **DENIED** as moot.

**SO ORDERED.**

s/Arthur J. Tarnow
Honorable Arthur J. Tarnow
United States District Court

Dated: February 8, 2017

4